IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RACHEL SCARBROUGH,**

    **Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT
OF HUMAN SERVICES**,

    **Defendant.**                                  Case No. 07-cv-42-DRH

<u>**MEMORANDUM & ORDER**</u>

**HERNDON, Chief Judge:**

### I. <u>BACKGROUND</u>

Before the Court is defendant Illinois Department of Human Services' Motion to Dismiss (Doc. 15), made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, to which plaintiff Rachel Scarbrough has filed her Response (Doc. 17). Plaintiff brings her gender discrimination claims against Defendant under Title VII of the Civil Rights Act of 1964, Section 42 U.S.C. 2000e-2 (Doc. 4, ¶ 1). Plaintiff has been employed by Defendant since September 1992 (*Id*. at ¶ 4). Plaintiff claims her employer discriminated against her because of her gender, alleging that it was a factor in her employer's determination of Plaintiff's career advancement (*Id*.). In July 2000, October 2000, December 2002, and June 2005, Plaintiff alleges that she was eligible for a promotion to the position of Maintenance Equipment Operator (*Id*. at

¶ 8).  Even though she was qualified, Plaintiff claims, however, that in each instance she was passed over for the promotion while less qualified males were promoted to the position of Maintenance Equipment Operator. *Id*.

Throughout her employment with Defendant, Plaintiff temporarily filled the position of Maintenance Equipment Operator (Doc. 4, ¶ 9; Doc. 14, ¶ 9).  On March 4, 2006, Plaintiff instituted the present action by filing a discrimination claim with the United States Equal Employment Opportunity Commission ("EEOC") (Doc. 4, ¶ 16).  The EEOC provided Plaintiff with a right to sue letter on November 1, 2005[1] (*Id*. at ¶ 17).  Defendant contends that Plaintiff's claims relating to the July 2000, October 2000, and December 2002 incidents are time barred and therefore should be dismissed (Doc. 15, p. 2).  In her Response, Plaintiff concedes that the claims relating to the alleged discrimination in July 2000, October 2000 and December 2002 are time barred (according to **National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)**) (Doc. 17, p. 1).  However, Plaintiff claims she is permitted to use Defendant's prior acts of alleged discrimination as background evidence to support her claim regarding the June 2005 incident, noting Defendant has failed to contest this claim as being untimely filed (*Id*.).  For reasons discussed herein, Defendant's Motion (Doc. 15) is granted.

---

[1] The Court believes this may be a typographical error in the Complaint, as Plaintiff likely received her Notice to Sue letter from the EEOC after she filed the charge, likely making the correct date November 1, 2006.

## II. DISCUSSION

### A. Legal Standard

Previously, when ruling on a motion to dismiss for failure to state a claim pursuant to **Rule 12(b)(6)**, the district court assumed as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff. ***Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) *Dist. 207*, 29 F.3d 1149, 1151 (7th Cir. 1994))**. The question was whether, under those assumptions, the plaintiff would have a right to legal relief. ***Id***. This standard was articulated as such:

> [U]nder "simplified notice pleading," . . . the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

***Lewis v. Local Union No. 100 of Laborers' Int'l Union*, 750 F.2d 1368, 1373 (7th Cir. 1984)(quoting *Conley v. Gibson*, 355 U.S. 41, 46-47 (1957))**.

Earlier this year, the Seventh Circuit reiterated this liberal standard governing notice pleading:

> Rule 8 was adopted in 1938, and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), stressed that it does not require fact pleading. It is disappointing to see a federal district judge dismiss a complaint for failure to adhere to a fact-pleading model that federal practice abrogated almost 70 years ago. As citations in the preceding paragraphs show, however, this is among many similar dispositions that the Supreme Court and this court have encountered recently and been obliged to reverse.

***Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007)(footnote omitted); *see also Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No.***

*84*, 133 F.3d 1054, 1057 (7th Cir. 1998); *Kaplan v. Shure Brothers, Inc.*, 153 F.3d 413, 419 (7th Cir. 1998).

However, in a subsequent opinion issued on May 21, 2007, the Supreme Court determined that *Conley's* famous "no set of facts" phrase "ha[d] earned its retirement." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1969 (May 21, 2007). According to the Supreme Court, the threshold pleading requirement of FEDERAL RULE OF CIVIL PROCEDURE 8 requires a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a Rule 12(b)(6) Motion to Dismiss for failure to state a claim for which relief can be granted. *Id.* at 974 (clarifying that a "heightened fact pleading of specifics" is not required)(emphasis added). In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 1964-65 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. *Id.* at 1965. Thus, the Seventh Circuit has interpreted *Bell* as imposing a two-tiered requirement for a complaint to survive a Rule 12(b)(6) motion: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests,'" and (2) the "allegations must plausibly suggest that the plaintiff has a right

to relief, raising the possibility above a 'speculative level.'" **E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)**(citing **Bell**, ___ U.S. ___, **127 S. Ct. at 1964-65, 1973 n.14**).

**B.    Analysis**

Defendant asserts that Plaintiff's gender discrimination claims based on the July 2000, October 2000, and December 2002 acts are to be considered separate incidents of discrimination and all are time barred as this suit was filed more than 300 days after the occurrence of these alleged discriminatory acts.  In **National Railroad Passenger Corporation v. Morgan**, the Court explained:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act.  The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred.

**536 U.S. 101, 113 (2002)**.

Under **42 U.S.C. § 2000e-5(e)(1)**, a Plaintiff claiming gender discrimination must file a charge with a State or local agency within 300 days after the alleged occurrence of the discriminatory act(s).  Failure to promote is considered a "discrete act" in determining timeliness of filing.  **See National R.R. Passenger Corp., 536 U.S. at 114 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice.")**.  Plaintiff's Complaint states

that she filed charges with the EEOC on March 24. 2006.  Therefore, Defendant asserts that Plaintiff's alleged claims of discriminatory acts occurring in 2000 and 2002 are time barred as she did not file a charge with the EEOC regarding said acts within the 300-day time limit, and should thus be dismissed.

Plaintiff concedes these claims are statutorily time barred, but argues that these acts should be used as "background evidence" to support her timely filed claim for Defendant's alleged discriminatory act occurring in June 2005.  Plaintiff further notes that Defendant has not contested the June 2005 as being time barred (Doc. 17).  The law allows Plaintiff to do this.  **National R.R. Passenger Corp., 536 U.S. at 114 (Section  2000e-5(e)(1) does not "bar an employee from using the prior acts as background evidence in support of a timely claim.")**.  It is apparent to the Court that Plaintiff's cause of action of gender discrimination against Defendant only arises from the June 2005 alleged act of discrimination.  The other alleged acts of discrimination, as stated in Plaintiff's Complaint, occurring in July 2000, October 2000, and December 2002 do not give rise to a cause of action, as they are statutorily time barred.  However, such acts may be used as evidentiary background to bolster Plaintiff's claim if they meet all evidentiary tests of admissibility, but those questions are not now before the Court.

### III.  CONCLUSION

Defendant's Motion to Dismiss (Doc. 15) is hereby **GRANTED**. Plaintiff's claim of gender discrimination against Defendant, filed under Title VII of the civil Rights Act of 1964, shall only be deemed to arise from Defendant's alleged discriminatory act occurring in June 2005.  All remaining discriminatory acts, as alleged in Plaintiff's Complaint, occurring in July 2000, October 2000, and December 2002 shall not give rise to a cause of action of gender discrimination, as such are found to be statutorily time barred under **42 U.S.C. § 2000e-5(e)(1)**.

**IT IS SO ORDERED**.

Signed this 13th day of November, 2007.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**