IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RACHEL SCARBROUGH,

    Plaintiff,

v.

ILLINOIS DEPARTMENT
OF HUMAN SERVICES,

    Defendant.                          Case No. 07-cv-42-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. BACKGROUND

Before the Court is defendant Illinois Department of Human Services' Motion for Summary Judgment (Doc. 26), to which plaintiff Rachel Scarbrough has filed her opposing Response (Doc. 29) and Defendant has replied (Doc. 33). In addition, Defendant has moved to strike portions of Plaintiff's response (Doc. 31); Plaintiff has responded in turn (Doc. 39).

This is a gender discrimination action, filed by Plaintiff against Defendant under Title VII of the Civil Rights Act of 1964, Section 42 U.S.C. 2000e-2 (Doc. 4, ¶ 1). Plaintiff has been employed by Defendant since September 1992 and claims she was discriminated against her because of her gender, alleging it was a factor in her employer's determination of Plaintiff's career advancement (*Id*. at ¶ 4).

In July 2000, October 2000, December 2002, and June 2005, Plaintiff alleges she was eligible for a promotion to the position of Maintenance Equipment Operator ("MEO") (*Id*. at ¶ 8). Throughout her employment with Defendant, Plaintiff temporarily filled the position of MEO (*Id*. at ¶ 9; Doc. 14, ¶ 9). Even though she was qualified, Plaintiff claims, however, that in each instance she was passed over for the promotion while less qualified males were promoted to the position of MEO (Doc. 4, ¶ 8).

In an Order (Doc. 23) granting Defendant's Motion to Dismiss, the Court previously found that Plaintiff's claims relating to the July 2000, October 2000, and December 2002 incidents were time barred under **42 U.S.C. § 2000e-5(e)(1)** and were therefore dismissed. Thus, the Court found Plaintiff's claim of gender discrimination against Defendant could only be deemed to arise from Defendant's alleged discriminatory act occurring in June 2005.[1]

Defendant now seeks summary judgment, arguing that Plaintiff cannot meet the threshold showing for gender discrimination under either the direct or indirect method. In response, Plaintiff concedes that while she cannot make a showing under the direct method, under the indirect method, she argues she can show that a question of material fact exists as to whether Defendant's failure to promote Plaintiff was pretextual. Defendant moves to strike a portion of Plaintiff's

---

[1] Additionally, the Court stated that Plaintiff's allegations relating to the July 2000, October 2000, and December 2002 incidents could potentially be used as evidentiary background to bolster Plaintiff's claim if they meet all evidentiary tests of admissibility, but noted that, at that time, those questions were not before the Court.

Response that attempts to offer evidence in support of her theory that Defendant's behavior was pretextual, arguing that this evidence not only constitutes hearsay, but was not produced through discovery or mentioned during Plaintiff's deposition. For the reasons discussed herein, the Court agrees with Defendant and ultimately, finds Defendant is entitled to summary judgment.

## II. DISCUSSION

### A. Legal Standard

#### 1. Rule 56

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**. The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, **192 F.3d 616, 621-22 (7th Cir. 1999)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Ins. Co.*, **200 F.3d 1055, 1057 (7th Cir. 2000);** *Baron v. City of Highland Park*, **195 F.3d 333, 337-38 (7th Cir. 1999)**.

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations as stated in the pleadings. Rather, the nonmovant

must show through specific evidence that an issue of fact remains on matters for which the nonmovant bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd,* **51 F.3d 276** (citing ***Celotex*, 477 U.S. at 324**).

### 2. Failure to Hire or Promote - Gender Discrimination

Title VII, **42 U.S.C. § 2000e**, declares it unlawful for an employer to discharge or otherwise discriminate against "any individual" in the terms or conditions of employment "because of such individual's race, color, religion, sex, or national origin." **42 U.S.C. § 2000e-2(a)**. The purpose of this provision is to prevent "'disparate treatment of men and women in employment,'" regardless of form. ***Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 78 (1998) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986))**. "A plaintiff may meet his burden of proof under Title VII by offering either direct proof of discriminatory intent or by proving disparate treatment through the indirect, burden-shifting method outlined by the Supreme Court in *McDonnell Douglas Corp*." *Contreras v. Suncast Corp.*, **237 F.3d 756, 759 (7th Cir. 2001)**. Showing gender discrimination via the direct method either requires evidence of "an admission by the [defendant] that [its] actions were based upon the prohibited animus," or else "circumstantial evidence which suggests discrimination albeit through a longer chain of inferences." ***Lewis v. City of Chicago*, 496 F.3d 645, 651 (7th Cir. 2007) (citations omitted)**. Plaintiff agrees with Defendant's assertion

that she relies upon the indirect method for purposes of proving her case (Doc. 29, p. 3). Therefore, the Court turns to the familiar burden-shifting method laid out in ***McDonnell Douglas***.

In ***McDonnell Douglas***, the Supreme Court provided the appropriate burden-shifting framework in an employment-discrimination case. ***McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)**. The Court there held that in order to succeed, a plaintiff must first establish a *prima facie* case of discrimination. ***Id.* at 801**. In the failure-to-promote context, a plaintiff establishes a *prima facie* case by showing "(1) she is a member of a protected class; (2) she was qualified for the position sought; (3) she was rejected for the position; and (4) the [similarly situated] employee promoted was not a member of the protected group and was not better qualified than the plaintiff." ***Johnson v. Nordstrom*, 260 F.3d 727, 732 (7th Cir. 2001) (citing *Payne v. Milwaukee Cty.*, 146 F.3d 430, 434 (7th Cir. 1998))**. "To withstand summary judgment on the *prima facie* case, [the plaintiff] need only show that there is a genuine issue of material facts regarding [the] elements." ***O'Neal v. City of Albany*, 293 F.3d 998, 1003 (7th Cir. 2002) (citing *Stalter v. Wal-Mart Stores, Inc.*, 195 F.3d 285, 289 (7th Cir. 1999).**

Once a plaintiff establishes a *prima facie* case, the burden shifts to the defendant, who must articulate a legitimate, nondiscriminatory reason for its conduct. If the defendant carries this burden, the burden shifts back to the plaintiff, who must demonstrate that the employer's proffered rationale was a pretext for

discrimination. *Id.*; ***Johnson*, 260 F.3d at 731-32**. At the pretext stage, the focus of the inquiry "is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." ***Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000)**. In other words, the plaintiff's evidence must tend to show that "the employer's proffered reasons are factually baseless, were not the actual motivation for the [hiring decision] in question, or were insufficient to motivate the [hiring decision]." ***Wilson v. AM General Corp.*, 167 F.3d 1114, 1120 (7th Cir. 1999)**. Further, "[b]ecause a fact-finder may infer intentional discrimination from an employer's untruthfulness, evidence that calls truthfulness into question precludes summary judgment." ***Zaccagnini v. Chas. Ley Circulating Co.*, 338 F.3d 672, 676 (7th Cir. 2003)**. Thus, a plaintiff may avoid summary judgment by identifying specific facts that place the defendant's explanation(s) in doubt.

**B. Analysis**

In its Motion for Summary Judgment, Defendant argues that although Plaintiff can meet the first three prongs required to make a *prima facie* case for failure to promote under the indirect method, it believes she cannot show the fourth prong: that the promotion was given to someone outside of the protected group who was not better qualified than she (Doc. 26, pp. 6-7). In other words, Defendant challenges Plaintiff's assertion that her qualifications for the MEO position were "demonstrably superior" than Kenneth Walker, the individual whom Defendant actually hired (*Id.*). Countering, Plaintiff states the fourth prong is exactly what is at

issue (Doc. 29, p. 3).

Supporting its argument, Defendant presents the factors a court must consider when determining whether the plaintiff's credentials were "so superior to those of the person eventually selected to render the promotion decision unfathomable unless the decision-maker resorted to some criterial outside of the candidates' respective credentials" (Doc. 26, pp. 7-8, citing **Millbrook v. IBP, Inc., 280 F.3d 1169, 1181 (7th Cir. 2002)**). As Defendant correctly cites, *Millbrook* adopted the holding of the Fifth Circuit, stating:

> [W]here an employer's proffered non-discriminatory reason for its employment decision is that it selected the most qualified candidate, evidence of the applicants' competing qualifications does not constitute evidence of pretext "unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue."

*Millbrook*, 208 F.3d at 1180 (citing *Deines v. Texas Dept. of Protective and Regulatory Serv.*, 164 F.3d 277 (5th Cir. 1999)).

The Seventh Circuit believed this showing of superior qualifications was necessary in order to prevent the judicial system from ostensibly serving as a "super personnel department' that second-guesses employers' business judgments." **Id. at 1181 (citations omitted) (noting the importance of "respect[ing] the employer's unfettered discretion to choose among qualified candidates")**.

In its supporting memorandum, Defendant discusses certain facts it believes indicate that Plaintiff did not possess credentials "so superior" to those of Mr. Walker. Defendant also discusses the impartiality of the interview process: how

each individual MEO candidate was scored based on their interview answers[2] and then ranked based on their scores. Specifically, Defendant states that one other female[3] and three other male candidates received higher scores and thus, ranked higher than Plaintiff (Doc. 26, pp. 3; 7-11; Ex. A - Affidavit of Deborah Martin, interviewer). Plaintiff believes, in response, that a question of material fact exists regarding whether she possessed the requisite superior qualifications to those of Mr. Walker. In particular, she offers the fact that she and Mr. Walker did not previously hold the same job and thus, were not subject to the same standards (Doc. 29, pp. 5-6).[4] Plaintiff admits that although Mr. Walker had more truck driving and truck maintenance experience, she had more experience with the day-to-day MEO duties because she had previously covered the MEO position on a temporary, as needed basis (*Id*. at 6). Basically, Plaintiff questions the veracity of the candidates' overall interview scores and rankings. She also cites the previous occasions when she

---

[2] These MEO candidates underwent what is called a "Rutan Interview," which consists of asking every candidate the same questions and scoring them based upon their answers. Politics, gender, race and religion are to play no factors in a Rutan interview (Doc. 26, p. 8 & Ex. A - Affidavit of Deborah Martin, ¶ 3).

[3] Plaintiff does not believe she and the other female MEO candidate were directly comparable and therefore, is not a proper way for Defendant to disprove her allegations of gender discrimination, explaining that the other female candidate "only did the MEO job on a very limited basis" (Doc. 29, p. 6; Ex. A - Plf. Aff., ¶ 11).

[4] Here, Plaintiff attempts to argue that there may be some material issues of fact concerning whether she and Mr. Walker can be considered "directly comparable" employees in terms of analyzing a failure to promote or hire case. Defendant does not advance the argument in its summary judgment motion that Mr. Walker is not "directly comparable." It makes little sense for Plaintiff to raise such an argument, in that if she were successful, she would effectively argue herself out of her failure to hire claim (in that Mr. Walker would not be considered a "similarly situated employee" for purposes of the indirect method of showing gender discrimination). **See Atanus v. Perry, 520 F.3d 662, 672-73 (7th Cir. 2008)**.

applied for the MEO position and was passed over for other male candidates. Lastly, she offers her own deposition testimony and attached affidavit, in which she explains why she felt she was more qualified than Mr. Walker because he had not previously been employed by Defendant and also because she had been temporarily assigned to the MEO position several times (Doc. 29, p. 4, Ex. A – Scarbrough Affidavit). In her Affidavit, Plaintiff states that she worked the MEO job on a temporary basis from December 2001 until October 2005, for a time period of a total of 536 days (or 1½ years). Because of her temporary experience, Plaintiff avers that she is "very well qualified for the MEO job," and that because she "was so good at doing this job" she was asked to train another employee to do it (Ex. A, ¶¶ 4, 9-10). Replying, Defendant argues that Plaintiff cannot meet the standard set forth in **Millbrook** to show that her credentials are so superior to Mr. Walker's that it would cause one to believe there were other factors at play in Defendant's decision to hire him over Plaintiff (Doc. 33, pp. 3-4). Regarding Plaintiff's issue with the supposed inattention her prior MEO experience was given during the scoring process, Defendant believes this challenge would lead to no more than requiring the Court to "second guess the discretionary scoring determinations made by the Rutan interviewer" (*Id*. at 4).

Defendant further postulates that should Plaintiff even show an existing question of material fact exists regarding whether her qualifications are superior to those possessed by Mr. Walker, in order to survive summary judgment, she still is unable to show that Defendant's decision to hire Mr. Walker was pretextual (*Id*., pp. 11-14). In response, Plaintiff offers an exhibit which she believes shows Defendant's

decision to hire Mr. Walker for the MEO position "could not have been solely based on his qualifications" (Doc. 29, pp. 3-4 & Ex. B). Accordingly, Plaintiff argues that she can sufficiently demonstrate Defendant's hiring decision was pretextual. Attached as Exhibit B to Plaintiff's Response is a note, signed by Plaintiff and notarized on August 23, 2005 (hereinafter the "2005 note"). The note, not addressed to any identifiable individual, reads in pertinent part:

> On July 13, 2005, I was informed that Kenny (Slick) Walker was to get the MEO position he is from Marion. Interviews for these positions are Wed Aug 24th. These names were given before the interview process.

(Doc. 29, Ex. B).

Plaintiff feels her note puts into question whether Defendant's decision to hire Mr. Walker was actually based on his overall interview scoring and rank, as she indicates the decision to hire him was "made" before the MEO interviews were conducted. In its Reply (Doc. 33), Defendant argues that Plaintiff's 2005 note is a "self-serving hearsay laden document," and is at the heart of Defendant's subsequently-filed Motion to Strike (Doc. 31). The Court will now address this Motion.

Defendant seeks to strike portions of Plaintiff's Response, specifically, paragraphs five through seven of Plaintiff's Affidavit,[5] and the 2005 note, pursuant

---

[5] Paragraphs 5 through 7 of Plaintiff's Affidavit reads as follows (Doc. 29, Ex. A, ¶¶ 5-7).:

  5. When the MEO job opened up, on a permanent basis, in 2005, applicants were notified on August 5, 2005 of the date of the interviews.

  6. I drafted a letter on 8/23/05, and had it notarized, that I knew that Kenneth "Slick" Walker was going to receive the job as permanent MEO.

  7. Interviews were held on 8/24/05; the day after my letter was written and signed.

to **FEDERAL RULES OF CIVIL PROCEDURE 26 and 37(c)**. Defendant states that Plaintiff never produced the 2005 note, nor did she so much as reference it in any of her discovery responses (Doc. 35, p. 1). In other words, the first time Defendant states that it became aware of Plaintiff's 2005 note was when it was discussed in her Response to Defendant's Motion for Summary Judgment. Additionally, Defendant observes that Plaintiff also failed to mention the 2005 note during her deposition, although Defendant claims it asked her several times for information pertinent to her claim of gender discrimination.

Defendant argues Plaintiff was under a duty to disclose the 2005 note as part of her initial disclosures under **Rule 26(a)(1)**, because it is information which supports her claim. **Rule 26(e)(2)** also imposes a duty to supplement a party's initial disclosures, if necessary. Under **Rule 37(c)**, if a party fails to provide information required pursuant to **Rule 26(a)** or **(e)**, the party may not be allowed to use this information as evidence on a motion, at a hearing or at trial, "unless the failure was substantially justified or is harmless." **FED. R. CIV. P. 37(c)(1)**. Although Plaintiff never even hinted at the 2005 note's existence during the pretrial discovery phase, Defendant points out that after the close of discovery, Plaintiff suddenly used the 2005 note to support her summary judgment Response (Doc. 25, p. 3). Therefore, Defendant argues that Plaintiff's failure to make this Rule 26 disclosure is anything but harmless, "as the hiring and evaluation process are both major contentious issues in the matter" (Doc. 25, p. 3).

Alternatively, Defendant suggests that because Plaintiff conveniently omitted mention of the 2005 note during her deposition, it should be disregarded by the Court in deciding Defendant's summary judgment motion, along with paragraphs five through seven of Plaintiff's Affidavit (*Id*. at pp. 3-4). In support of this argument, Defendant cites **Gates v. Caterpillar, Inc., 513 F.3d 680, 687-88 (7th Cir. 2008)**. **Gates** closely mirrors the situation here. In **Gates**, Plaintiff filed a gender discrimination suit. On a motion for summary judgment, the district court refused to take into consideration certain portions of the plaintiff's affidavit, which brought to light, "for the first time," specific statements Plaintiff averred she had made which put her employer on notice regarding her complaints of gender discrimination. **Id. at 687**. The plaintiff's failure to disclose her statements during her deposition or pretrial discovery was seen as an "omission" of a significant statement, amounting to a "new" assertion; both the district court and the Seventh Circuit agreed that the statements in plaintiff's affidavit should not be considered when ruling on the summary judgment motion as it would effectively allow "directly conflicting testimony" into evidence. **Id. at 688 ("[T]he very purpose of the summary judgment motion-to weed out unfounded claims, specious denials, and sham defenses-would be severely undercut.") (citing Babrocky v. Jewel Food Co., 773 F.2d 857 (7th Cir. 1985);** ***Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168-69 (7th Cir. 1996))**. Additionally, the Seventh Circuit recognized that although "[i]t is less obvious when . . . the 'new' statement adds to,

without directly contradicting, prior testimony . . . '[t]he concern in litigation, of course, [remains] that a party will first admit no knowledge of a fact but will later come up with a specific recollection' dispositive to the case." **Id. at n.5 ("It is well established in this Circuit that, as a general rule, a party may not create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony in the absence of newly-discovered evidence or the unmistakable need to clarify prior ambiguous statements.") (citing *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 293 (7th Cir. 1996) (other citations omitted))**. Accordingly, the Seventh Circuit affirmed district court's grant of summary judgment on behalf of the employer. **Id. at 691**.

Responding to Defendant's Motion to Strike, Plaintiff admits that the 2005 note and the contents thereof were not disclosed prior to filing her Response to Defendant's Motion for Summary Judgment and thus, "not technically in compliance with **Rule 26**" (Doc. 39, p. 1 & 3). Yet, Plaintiff believes Defendant fails to show how it has been prejudiced by this untimely disclosed information, given that Defendant, in its Reply (Doc. 33), argues that the 2005 note "carries little to no credible weight." Plaintiff's attempt to distinguish this matter from *Gates* is unavailing, as is her suggestion that the issue of "surprise" can be remedied by allowing Defendant "leave to explore this new information prior to the matter going to trial" (*Id*. at p. 2).

As Plaintiff does not contest the assertion that this 2005 note and its

contents should have been disclosed to Defendant pursuant to **Rule 26**, the Court finds that Plaintiff's failure to do so is sanctionable under **Rule 37(c)**. Despite Plaintiff's argument that her failure to disclose was "harmless," the Court finds that the 2005 note and also the statements regarding the note in Plaintiff's Affidavit bear direct significance to Plaintiff's claim of gender discrimination. It is the sole evidence she offers regarding proof of Defendant's pretext. Thus, it is quite significant and its omission during discovery cannot be considered by this Court as "harmless," especially in light of the fact that when directly questioned during her deposition why it was she believed she was not promoted because of her gender, Plaintiff still did not mention the contents of the 2005 note (*see* Doc. 35, pp. 4-5 & Ex. 3 - Plaintiff's Dep., p. 38).

For these reasons, the Court finds that Defendant's Motion to Strike (Doc. 31) should be granted. Accordingly, the 2005 note shall be stricken, pursuant to **Rule 37(c)**, for Plaintiff's failure to disclose it pursuant to **Rule 26** or during her deposition. The 2005 note and its contents, as well as paragraphs six and seven[6] of Plaintiff's Affidavit, shall not be considered by the Court in deciding Defendant's Motion for Summary Judgment.

Focusing again on Defendant's summary judgment motion, the Court finds that the evidence Plaintiff offers to show an existing question of material fact

---

[6] In Defendant's Motion, it seeks to strike paragraphs five through seven of Plaintiff's Affidavit and in its supporting memorandum, Defendant seeks to strike paragraphs five through eight. However, the Court finds that only paragraphs six and seven directly relate to the contents of the 2005 note and thus, only those two paragraphs shall be stricken.

regarding whether Plaintiff was more qualified for the MEO position than Mr. Walker does not meet the threshold, as established in **Millbrook**. First, Plaintiff's own assertions of her qualifications, expressed in her Affidavit and during her deposition, will not suffice. *See Millbrook*, **280 F.3d at 1181 (A plaintiff's perception of her own performance does not create a material issue of fact because it does not "tell a reasonable factfinder something about what the employer believed about the employee's abilities.") (citation omitted)**. Second, even if her assertions were considered, they certainly do not show that her qualifications so outshone Mr. Walker's qualifications that any reasonable person would find Plaintiff was the clear, hands-down, better qualified candidate for the MEO position. *See id*. **at 1180-81**. Therefore, the Court finds Plaintiff has failed to establish a *prima facie* case of gender discrimination under the **McDonnell Douglas** indirect method.

However, even assuming, *arguendo*, that there was an existing question of material fact regarding whether Plaintiff was better qualified for the MEO position than Mr. Walker, thereby allowing Plaintiff to shift the burden of proof to Defendant, the Court finds that Defendant has articulated a legitimate, nondiscriminatory reason for its conduct. Thus, the burden once again shifts back to Plaintiff, who must show that a question of material fact exists regarding whether Defendant's proffered rationale was a pretext for discrimination. Because the Court has granted Defendant's Motion to Strike, whereby it has stricken the 2005 note and paragraphs six and seven of Plaintiff's Affidavit, there is no evidence indicating any pretext on

Defendant's behalf and so, in the alternative, Plaintiff still fails to avoid summary judgment. For these reasons, the Court must grant Defendant's Motion for Summary Judgment.

## III. <u>CONCLUSION</u>

Defendant's Motion to Strike Portions of Plaintiff's Response (Doc. 31) is hereby **GRANTED**. Further, Defendant's Motion for Summary Judgment (Doc. 26) is **GRANTED**. Accordingly, judgment is to be entered in favor of Defendant and against Plaintiff, the case file to be closed.

**IT IS SO ORDERED**.

Signed this 27th day of August, 2008.

/s/    *DavidRHerndon*

**Chief Judge**
**United States District Court**